|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT | |
| | CENTRAL DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| DERIK COLIN OLIVER, | Case No. 5:19-cv-01499-RGK-KES |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNTIMELY |
| THE PEOPLE, | |
| Respondent. | |

On July 9, 2019, Derik Colin Oliver ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (Dkt. 1 at 6[1] [signature date].) As discussed more fully below, the Court orders Petitioner to show cause why the Petition should not be dismissed as untimely.

## I.

## BACKGROUND

The following facts are taken from the Petition, from the Court's own records, or from public records; where necessary, the Court takes judicial notice of the latter. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that

---

[1] All citations are to the pagination imposed by the Court's e-filing system.

1

is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").

In 2016, a Riverside County jury convicted Petitioner of nine sex offenses against his two minor daughters, R. and C. (Dkt. 1 at 13-23 [opinion]); People v. Oliver, No. E066861, 2018 Cal. App. Unpub. LEXIS 239 (Jan. 10, 2018)). Petitioner pursued a direct appeal challenging his convictions on count 8 (committing a forcible lewd act on C. when she was under age 14) and count 9 (attempting to use C. for a sexual act for commercial purposes when C. was under age 18). (Id.)

On January 10, 2018, the California Court of Appeal affirmed his convictions. (Id.) The court reasoned that C.'s testimony that Petitioner asked her to take "nude" pictures of herself to sell online was substantial evidence supporting his conviction on count 9. The court also determined that the trial court did not err by instructing the jury to continue deliberating on count 8 after the jury returned inconsistent verdicts (i.e., finding Petitioner "guilty" of a forcible lewd act and "not guilty" of the lesser-included crime of a nonforcible lewd act).

Petitioner alleges that he filed a petition for review in the California Supreme Court, case no. S254785. (Dkt. 1 at 5.) He also alleges that the petition was denied on "6-19-20." (Id. at 5.) Then, Petitioner alleges that he filed a habeas petition in the California Supreme Court, which was also decided on "6-19-20." (Id. at 6.)

The Court sees no record of Petitioner filing a petition for review in the California Supreme Court. Instead, on March 17, 2019 (signature date), Petitioner constructively filed a habeas petition in the California Supreme Court, case no. S254785. (Id. at 7-12.) Per the California Supreme Court's online records, that petition was denied on June 19, 2019. It appears that Petitioner intended to refer to

this denial when he wrote, "6-19-20."

Petitioner states that any delay in filing the Petition was "caused by miscommunication and misrepresentation" by his appellate attorney, "delay[ing]" his "appeal" to the California Supreme Court. (Id. at 6.)

Finally, Petitioner alleges that he filed a habeas petition in "Federal Court," but that the petition is still pending. (Id. at 6.) The Public Access to Court Electronic Records ("PACER") database only shows that Petitioner filed the instant Petition, however.

## II.
## DISCUSSION

**A.     Legal Standard.**

The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue <u>sua sponte</u> when untimeliness is obvious on the face of the Petition and to summarily dismiss a habeas petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the Court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004);[2] Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

    **1.     One-Year Statute of Limitations.**

This action is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Calderon v. U.S. Dist. Court for the Cent. Dist. of Cal. (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 (1998).[3] AEDPA provides as follows:

    **(d) (1)** A 1-year period of limitation shall apply to an application for

---

[2] Nardi was overruled on other grounds by Day v. McDonough, 547 U.S. 198, 209 (2006).

[3] Beeler was overruled on other grounds in Calderon v. U.S. Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

3

a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Thus, AEDPA "establishes a 1-year time limitation for a state prisoner to file a federal habeas corpus petition." Jimenez v. Quarterman, 555 U.S. 113, 114 (2009). The statute of limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' for purposes of § 2244(d)(1)(a) on the date that the time for seeking such review

expires." Gonzalez v. Thaler, 565 U.S. 134, 135 (2012). Decisions of the California Court of Appeals become final 30 days after they are issued. Cal. R. Ct. 8.264(b). The time to file a petition for review expires 10 days later. Cal. R. Ct. 8.500(e); Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (since petitioner did not petition the California Supreme Court for review of the California Court of Appeal decision affirming his conviction, that conviction became final 40 days thereafter), cert. denied, 559 U.S. 1111 (2010).

### 2. Statutory Tolling.

AEDPA provides for statutory tolling, as follows:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The United States Supreme Court has interpreted this language to mean that the AEDPA's statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects a petitioner's final collateral challenge, so long as the petitioner has not unreasonably delayed during the gaps between sequential filings. Carey v. Saffold, 536 U.S. 214, 219-21 (2002) (holding that, for purposes of statutory tolling, a California petitioner's application for collateral review remains pending during the intervals between the time a lower state court denies the application and the time the petitioner files a further petition in a higher state court); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000) (The statute is tolled from "the time the first state habeas was filed until the California Supreme Court rejects the petitioner's final collateral challenge.").[4] Statutory tolling "does not

---

[4] Nino has been abrogated on other grounds as stated in Nedds v. Calderon, 678 F.3d 777, 781 (9th Cir. 2012).

permit the re-initiation of a limitations period that has ended before the state petition was filed," even if the state petition was timely filed. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003), cert. denied, 540 U.S. 924 (2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001), cert. denied, 538 U.S. 949 (2003); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001), cert. denied, 534 U.S. 1143 (2002).

### 3. Equitable Tolling.

In Holland v. Florida, 560 U.S. 631, 649 (2010), the Supreme Court held that the AEDPA's one-year limitation period also is subject to equitable tolling in appropriate cases. However, in order to be entitled to equitable tolling, the petitioner must show both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented his timely filing. See id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The Ninth Circuit has held that the Pace standard is consistent with the Ninth Circuit's "sparing application of the doctrine of equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009), cert. denied, 130 S. Ct. 244 (2009). Thus, "[t]he petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (quoting Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002), cert. denied, 537 U.S. 1003 (2002). Consequently, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); Waldron-Ramsey, 556 F.3d at 1011 ("To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as

we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'").

The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. See, e.g., Pace, 544 U.S. at 418; Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (as amended); Miranda, 292 F.3d at 1065.

**B.      The Petition Appears to Be Untimely.**

It appears that Petitioner's judgment became final 40 days after January 10, 2018, which was February 19, 2018. The one-year AEDPA limitations period expired on February 19, 2019, absent tolling. Petitioner did not constructively file the instant Petition until July 9, 2019.[5]

Petitioner's habeas petition filed in the California Supreme Court cannot create statutory tolling, because it was constructively filed after February 19, 2019. Petitioner has not identified any other filings that might create statutory tolling. Regarding equitable tolling, Petitioner's brief statement that his appellate counsel

---

[5] Under the prison mailbox rule, filings by a pro se prisoner are generally considered filed at the moment the prisoner gives the filing to prison authorities for mailing. See generally Houston v. Lack, 487 U.S. 266, 270 (1988). Courts generally "deem[] the [filing] constructively 'filed' on the date it is signed," Roberts v. Marshall, 627 F.3d 768, 770 (9th Cir. 2010), cert. denied, 565 U.S. 897 (2011), because courts assume that the prisoner turned the filing over to prison authorities on the same day it was signed. Butler v. Long, 752 F.3d 1177, 1179 n.1 (9th Cir. 2014); see also Wolff v. California, 235 F. Supp. 3d 1127, 1129 (C.D. Cal. 2017) ("[T]he Court was presumptively obligated to treat [the prisoner's] extension request as constructively filed on the date on which plaintiff alleges he gave it to prison authorities."). To obtain the benefit of the prison mailbox rule, a prisoner must give his filing to authorities for mailing within the limitations period. Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (citation omitted). Without the benefit of the prison mailbox rule, Petitioner's federal filing date would be August 12, 2019. (Dkt. 1 at 1.) For purposes of this screening order, the Court gives Petitioner the benefit of the prison mailbox rule.

caused the delay provides insufficient facts to show that the delay meets the standards for equitable tolling (i.e., was an extraordinary circumstance beyond his control that prevented Petitioner from filing a timely § 2254 petition, despite his diligence).

IT IS THEREFORE ORDERED that, on or before September 13, 2019, Petitioner shall show cause in writing, if any he has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness.

DATED: August 15, 2019

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE