1
2
3                                                              O
4
5
6
7
8                     UNITED STATES DISTRICT COURT
9                     CENTRAL DISTRICT OF CALIFORNIA
10
11   DERIK COLIN OLIVER,                 Case No. 5:19-cv-01499-RGK-KES
12            Petitioner,
13       v.                              ORDER DISMISSING PETITION
                                                AS UNTIMELY
14   THE PEOPLE,
15            Respondent.
16
17       Derik Colin Oliver ("Petitioner") filed a Petition for Writ of Habeas Corpus
18   by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (Dkt. 1.)[1]
19   The Court ordered Petitioner to show cause, on or before September 13, 2019, why
20   the Petition should not be dismissed as untimely. Because Petitioner failed to
21   respond, and because the record shows that the Petition is untimely, the Petition is
22   hereby dismissed.
23                                    I.
24                              BACKGROUND
25       The following facts are taken from the Petition, from the Court's own
26   _____
     [1] All citations are to the pagination imposed by the Court's e-filing system. In
27   quoting from Petitioner's pro se filings, the Court has amended scrivener's errors
     where Petitioner's meaning is clear.
28

                                        1

records, or from public records; where necessary, the Court takes judicial notice of the latter.  See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").[2]

In 2016, a Riverside County jury convicted Petitioner of nine sex offenses against his two minor daughters, R. and C.  (Dkt. 1 at 13-23 [opinion]); see also People v. Oliver, No. E066861, 2018 Cal. App. Unpub. LEXIS 239 (Jan. 10, 2018). Petitioner pursued a direct appeal challenging his convictions on count 8 (committing a forcible lewd act on C. when she was under age 14) and count 9 (attempting to use C. for a sexual act for commercial purposes when C. was under age 18).  (Dkt. 1 at 14-15.)

On January 10, 2018, the California Court of Appeal affirmed his convictions.  (Id. at 13.)  The court reasoned that C.'s testimony that Petitioner asked her to take "nude" pictures of herself to sell online was substantial evidence supporting his conviction on count 9.  (Id. at 16-19.)  The court also determined that the trial court did not err by instructing the jury to continue deliberating on count 8 after the jury returned inconsistent verdicts (i.e., finding Petitioner "guilty" of a forcible lewd act and "not guilty" of the lesser-included crime of a nonforcible lewd act).  (Id. at 19-23.)

Petitioner did not file a petition for review in the California Supreme Court. On March 17, 2019, Petitioner constructively filed a habeas petition in California

---

[2] The records of the California appellate courts are available online at: https://appellatecases.courtinfo.ca. gov/.

2

1  Supreme Court case no. S254785.  (Dkt. 1 at 7-12 [signature date].)[3]  That petition

2  was denied on June 19, 2019.  Petitioner does not describe, and the online records

3  of the California Supreme Court and California Courts of Appeal do not reveal, any

4  other state court filings by Petitioner.[4]

5     Petitioner states that any delay in filing his federal Petition was "caused by

6  miscommunication and misrepresentation" by his appellate attorney, "which led to

7  delay for appeal to California Supreme Court."  (Id. at 6.)

## II.

## DISCUSSION

**A.    Legal Standard.**

11     District courts may raise untimeliness sua sponte when untimeliness is

12  obvious on the face of the petition, and may summarily dismiss a habeas petition as

13  untimely as long as the Court first provides the petitioner with notice and an

_____

[3] Under the prison mailbox rule, filings by a pro se prisoner are generally
considered filed at the moment the prisoner gives the filing to prison authorities for
mailing. See generally Houston v. Lack, 487 U.S. 266, 270 (1988).  Courts
generally "deem[] the [filing] constructively 'filed' on the date it is signed,"
Roberts v. Marshall, 627 F.3d 768, 770 (9th Cir. 2010), cert. denied, 565 U.S. 897
(2011), because courts assume that the prisoner turned the filing over to prison
authorities on the same day it was signed.  Butler v. Long, 752 F.3d 1177, 1179 n.1
(9th Cir. 2014); see also Wolff v. California, 235 F. Supp. 3d 1127, 1129 (C.D. Cal.
2017).  To obtain the benefit of the prison mailbox rule, a prisoner must give his
filing to authorities for mailing within the limitations period.  Hernandez v.
Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (citation omitted).  The Court
assumes, for purposes of this order, that all of Petitioner's filings are entitled to the
benefit of the mailbox rule.

[4] To the extent Petitioner alleges that he filed a petition for review in the California
Supreme Court, he appears to be referring to his habeas petition, because he gives
case no. S254785.  (Dkt. 1 at 5.)  To the extent he Petitioner alleges that he filed a
still-pending habeas petition in "Federal Court" (id. at 6), he appears to be referring
to the instant Petition, because the Public Access to Court Electronic Records
("PACER") database does not show any other federal petitions filed by Petitioner.

3

opportunity to respond.  <u>Wentzell v. Neven</u>, 674 F.3d 1124, 1126 (9th Cir. 2012);

<u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

This action is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which contains the following statute of limitations:

> **(d) (1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> **(A)**  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)**  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)**  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)**  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)**  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Thus, AEDPA "establishes a 1-year time limitation for a state prisoner to file a federal habeas corpus petition."  <u>Jimenez v. Quarterman</u>, 555 U.S. 113, 114 (2009).

**B.      The Petition is Untimely.**

    **1.      Petitioner's Criminal Judgment Became Final on February 19, 2019.**

The statute of limitations period usually runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Nothing in the record suggests that the statute of limitations began to run on any of alternative dates identified in § 2244(d)(1)(B)-(D).

"[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' for purposes of § 2244(d)(1)(A) on the date that the time for seeking such review expires."  Gonzalez v. Thaler, 565 U.S. 134, 135 (2012).  Decisions of the California Court of Appeals become final 30 days after they are issued.  Cal. R. Ct. 8.264(b).  The time to file a petition for review expires 10 days later.  Cal. R. Ct. 8.500(e); Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (since petitioner did not petition the California Supreme Court for review of the California Court of Appeal decision affirming his conviction, that conviction became final 40 days thereafter), cert. denied, 559 U.S. 1111 (2010).

The California Court of Appeal affirmed Petitioner's convictions on January 10, 2018 (Dkt. 1 at 13), and he did not file a petition for review in the California Supreme Court.   His criminal judgment therefore became final 40 days later, on February 19, 2018.  The one-year AEDPA limitations period expired on February 19, 2019, absent tolling.  Petitioner did not constructively file the instant Petition until July 9, 2019.  (Id. at 6.)

    **2.      Petitioner Has Not Shown that He is Entitled to Statutory Tolling.**

AEDPA provides for statutory tolling as follows:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period

of limitation under this subsection.

28 U.S.C. § 2244(d)(2).  The United States Supreme Court has interpreted this language to mean that the AEDPA's statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects a petitioner's final collateral challenge, as long as the petitioner has not unreasonably delayed during the gaps between sequential filings.  Carey v. Saffold, 536 U.S. 214, 219-21 (2002).[5]  However, statutory tolling "does not permit the re-initiation of a limitations period that has ended before the state petition was filed," even if the state petition was timely filed.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003), cert. denied, 540 U.S. 924 (2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001), cert. denied, 538 U.S. 949 (2003); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001), cert. denied, 534 U.S. 1143 (2002).  The burden of demonstrating that the AEDPA's one-year limitation period was statutorily tolled rests with the petitioner.  See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (as amended); Miranda, 292 F.3d at 1065.

Petitioner did not file any habeas petitions in the state court before the AEDPA statute of limitations expired on February 19, 2019.  Petitioner's habeas petition in the California Supreme Court cannot create statutory tolling, because it was constructively filed on March 17, 2019 (Dkt. 12 at 12), after the AEDPA statute of limitations had already expired.  Petitioner has not identified, and this Court has not discovered, any other state court filings that would entitle him to statutory tolling.

**3.    Petitioner Has Not Shown that He is Entitled to Equitable Tolling.**

In Holland v. Florida, 560 U.S. 631, 649 (2010), the Supreme Court held that

---

[5] Nino has been abrogated on other grounds as stated in Nedds v. Calderon, 678 F.3d 777, 781 (9th Cir. 2012).

the AEDPA's one-year limitation period may be subject to equitable tolling if the petitioner shows that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented his timely filing. Id. at 649 (quoting Pace, 544 U.S. at 418). The Ninth Circuit has held that the Pace standard is consistent with the Ninth Circuit's "sparing application of the doctrine of equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009), cert. denied, 130 S. Ct. 244 (2009). Thus, "[t]he petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (quoting Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002), cert. denied, 537 U.S. 1003 (2002). Consequently, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); Waldron-Ramsey, 556 F.3d at 1011 ("To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'"). The burden of demonstrating that the AEDPA's one-year limitation period was equitably tolled rests with the petitioner. See, e.g., Pace, 544 U.S. at 418; Banjo, 614 F.3d at 967; Gaston, 417 F.3d at 1034; Miranda, 292 F.3d at 1065.

Petitioner's brief statement that his appellate counsel caused some delay provides insufficient facts to show that the delay meets the standards for equitable tolling (i.e., was an extraordinary circumstance beyond his control that prevented Petitioner from filing a timely § 2254 petition, despite his diligence). Despite being

given an opportunity to explain further by responding to the Order to Show Cause, Petitioner did not do so. He has therefore failed to demonstrate that he is entitled to equitable tolling.

### III.

### CONCLUSION

IT IS THEREFORE ORDERED that the Petition (Dkt. 1) is dismissed with prejudice as untimely.


DATED: October 22, 2019



R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE


Presented by:

KAREN E. SCOTT
United States Magistrate Judge